THOMAS W. HAMILTON AND THOMAS HAMILTON V. ROBERT BILLINGSLEY.

*Fraud—Estoppel—Damages.*

He who claims to have been defrauded must show that he was actually deceived.

One who is sued for fraud is estopped from claiming that the plaintiff's previous knowledge was enough to protect him.

B was induced in a trade to take two instalments on a bond and mortgage upon which the other parties to the trade falsely stated that a certain sum was to fall due.    In an action for the fraud, damages were properly allowed him to the amount of the difference between what purported to be due and what actually was due, with interest.

Testimony that H proposed to do business on Sunday, cannot be impeached by showing that his father was a strict observer of the Sabbath.

Error to Eaton. Submitted June 8. Decided June 19.

TORT. Action for damages resulting from false and fraudulent representations. The facts are in the opinion.

*H. A. Shaw* (on brief) for plaintiff in error.

*D. P. Sagendorph* (on brief) for defendant in error, in support of the rule of damages, cited *Whitney v. Allaire,* 1 Comst., 312; s. c., 4 Denio, 559; *Cary v. Gruman,* 4 Hill, 626; *Hammond v. Hannin,* 21 Mich., 387.

GRAVES, J. Billingsley exchanged with the Hamiltons a place in Yorkville, a mortgage of $850, and certain personal property valued at $150, for two instalments of a bond and mortgage made by one Meach and forty acres in Carmel. He was to pay $50, however, on the parcel in Carmel. He claims that it was the express understanding that each of the said instalments of the Meach bond and mortgage called for $1000, and that the Hamiltons explicitly represented to him that there remained to be paid $1000 on each. He alleges that this representation was false and fraudulent, and that as the Hamiltons well knew, there had been paid and endorsed the sum of $1874, so that only $126 remained to be paid on the instalments in question.

He brought this action to recover for the alleged fraudulent representation and the jury found in his favor for the sum ascertained to have been paid on the assigned instalments, namely, $1874, together with interest.

The defendants below then brought the case to this court on writ of error and bill of exceptions.

*First:* Complaint is made that the court allowed declarations by Thomas W. to be shown to affect his co-defendant. The objection has no foundation. When Billingsley proceeded to testify it was observed by the counsel for plain-

tiffs in error that he objected to any showing of the sayings of Thomas W. about his father unless a conspiracy was first shown, and the court stated that the testimony should be received subject to proof of conspiracy to make it relevant. No exception was taken, and the evidence proceeded. No motion was made to strike out or disregard the evidence, and if there had been it could not have prevailed, because the facts tended to show that the Hamiltons co-operated.

*Second*. It is next urged that the court refused to allow plaintiffs in error to give evidence of the value of the York-ville property and prove that it was much less than Billingsley swore it was estimated at in the trade, and that the evidence was competent as tending to show that Billingsley's statement that the property was put in at so much was improbable and untrustworthy.

When the testimony was first offered it was excluded. The object of the offer was not explained. Shortly afterwards, however, the court reversed the ruling and allowed the evidence, and plaintiffs in error seem to have gone into it as fully as they desired. The point has no merit.

*Third*. In the course of his testimony Billingsley testified that Thomas W. Hamilton agreed to go to Yorkville on Sunday to look at the property in question there. After both sides had rested and the argument to the jury was about to commence, the counsel for plaintiffs in error, for the purpose of making out that Billingsley's statement as to a promise by Thomas W. to go to Yorkville on Sunday was improbable, offered to show that the other defendant was a strict observer of the Sabbath, and the refusal of the offer is made a ground of objection. The exception is absurd.

*Fourth*. One James Hamilton, a witness for plaintiffs in error, swore that Billingsley knew that most of the two instalments in question had been paid; that the personal property of the Eagle hotel in Bellevue was sold by Meach, the mortgagor, to Thomas W. Hamilton, and was appraised

in order to fix the value; that it was agreed that the amount so ascertained should be applied on the two instalments, and that Billingsley acted as one of the appraisers and knew of the intended application.

In regard to this feature, the court charged in substance that if Billingsley in acting as appraiser, and at the time of his so acting, was led to understand that the sum fixed by the appraisal was to be applied on the particular instalments, still if when he traded with plaintiffs in error the idea was out of his mind, in consequence of his misunderstanding or of lapse of time, the plaintiffs in error would not be able to escape the consequences of their representation that no payments had been made.

We see no objection to this instruction. Of course it was for Billingsley to show that the means used to deceive were successful. However false may have been the representations, still if Billingsley was in possession of the truth he could not be deceived by them. On the other hand, if at the time of the trade his mind was entirely unoccupied by any notice or impression that any thing had been paid on the instalments, and he was not possessed of any fact to suggest that the representations of the plaintiffs in error were lying representations, it is not admissible for them to say that although their representations were false his former information as appraiser should be held sufficient to preclude him from claiming that he accepted their statements as honest and not fraudulent, or to enable them to contend that their representations were not made to be believed.

*Fifth.* The court allowed recovery for the difference between the actual amount represented by the assigned instalments and the amount actually remaining unpaid together with interest.

We see nothing in the case to give occasion to the plaintiffs in error to complain of this charge. It allows nothing beyond what the defendant in error would have had if the actual amount of the security sold had been what it was represented to be, and there appear to be no facts inconsistent with a right of recovery to that extent.

No error being shown, the judgment should be affirmed, with costs.

The other Justices concurred.